# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

David G. Velde,

                Plaintiff,

                              Civ. No. 06-3880 (RHK/RLE)
                              **MEMORANDUM OPINION AND ORDER**

v.

Randy Kroeplin,

                Defendant.

---

David G. Velde,

                Plaintiff,

                              Civ. No. 06-3881 (RHK/RLE)
                              **MEMORANDUM OPINION AND ORDER**

v.

Joe Philipp,

                Defendant.

---

Justin P. Weinberg, Michael S. Dove, Mary Kay Mages, Gislason & Hunter LLP, New Ulm, Minnesota, for Plaintiff.

Lowell P. Bottrell, Anderson, Bottrell, Sanden & Thompson, Fargo, North Dakota, for Defendants Randy Kroeplin and Joe Philipp.

---

## INTRODUCTION

These bankruptcy adversary proceedings arise out of payments made by Daniel Miller to Defendants Randy Kroeplin (Civ. No. 06-3880) and Joe Philipp (Civ. No. 06-

3881). Plaintiff David Velde, the Trustee of Miller's bankruptcy estate, seeks to recover these payments as preferential and fraudulent transfers under the Bankruptcy Code. Presently before the Court are the parties' cross-motions for summary judgment in each of the two cases. For the reasons set forth below, the Court will deny the Trustee's Motions and grant the Defendants' Cross-Motions.

## BACKGROUND

Miller previously owned Danielson Grain, a crop-storage elevator in East Grand Forks, Minnesota. In that capacity, Miller bought, sold, and stored crops.

On February 3, 2004, an involuntary Chapter 7 bankruptcy petition was filed against Miller in the United States Bankruptcy Court for the District of Minnesota. Miller subsequently converted the involuntary petition to a case under Chapter 11 of the Bankruptcy Code. On September 29, 2004, the Bankruptcy Court converted the matter back to a Chapter 7 case and appointed Velde as the Trustee of Miller's bankruptcy estate.

The Trustee then commenced several adversary proceedings – including the two cases *sub judice* – seeking to recover the value of several checks Miller had issued in the 90-day period prior to February 3, 2004. The instant Defendants demanded trials by jury and did not consent to jury trials before the Bankruptcy Court. Accordingly, the Bankruptcy Court ordered the actions transferred to this Court. See 28 U.S.C. § 157(e).

In pertinent part, the following facts in these cases appear to be undisputed and are substantially similar:

1.  <u>The Kroeplin action</u>:  Miller issued a check for $115,000 on November 10, 2003, payable to Kroeplin and to his bank in order to pay for grain that Kroeplin had previously delivered to Miller.[1]  The check bounced, and Miller partially replaced it on November 26, 2003, with a $75,000 bank check.  The funds for the bank check came from Miller's bank account.

2.  <u>The Philipp action</u>:  Miller issued a check for $26,606.84 on October 17, 2003, payable to Philipp and to his bank in order to pay for grain that Philipp had previously delivered to Miller.  The check bounced, and Miller replaced it on November 5, 2003, with a bank check.  The funds for the bank check came from Miller's bank account.

The Trustee now moves for summary judgment in each of these cases, arguing that the Defendants must repay to the bankruptcy estate the value of the replacement checks because they constitute "avoidable" transfers under 11 U.S.C. § 547(b), the "preferences" statute.  The Defendants have cross-moved for summary judgment, arguing that several exceptions to that statute apply and, hence, that the transfers are not avoidable.[2]

---

[1] The bank was listed as a payee in order to extinguish its security interest in the grain Kroeplin had sold to Miller.

[2] Two other points bear mentioning.  First, in the Kroeplin action, the Trustee has also asserted that a $120,000 check issued on November 10, 2003, which cleared Miller's bank account, was a preferential and/or fraudulent transfer.  Although the Trustee does not address this payment in his Motion, Kroeplin argues in his Cross-Motion that he is entitled to summary judgment on all claims concerning this November 10, 2003 check.  And, in his Opposition to the Cross-Motion, the Trustee has not addressed Kroeplin's arguments.  Accordingly, the Court deems abandoned the Trustee's claims concerning the $120,000 check.  <u>See, e.g.</u>, <u>A.C. ex rel. M.C. v. Indep. Sch. Dist. No. 152</u>, Civ. No. 06-3099, 2006 WL 3227768, at *4 (D. Minn. Nov. 7, 2006) (Frank, J.) (holding that plaintiff abandoned claims by failing to address defendant's argument in his response to defendant's summary-judgment motion); <u>Stieg v. Pattonville-Bridgeton Terrace Fire Prot. Dist.</u>, 374 F. Supp. 2d 777, 786 (E.D. Mo. 2005) (same).

## STANDARD OF DECISION

Summary judgment is proper if, drawing all reasonable inferences in favor of the nonmoving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The moving party bears the burden of showing that the material facts in the case are undisputed. Id. at 322; Mems v. City of St. Paul, Dep't of Fire & Safety Servs., 224 F.3d 735, 738 (8th Cir. 2000). The Court must view the evidence, and the inferences that may be reasonably drawn from it, in the light most favorable to the nonmoving party. Graves v. Ark. Dep't of Fin. & Admin., 229 F.3d 721, 723 (8th Cir. 2000); Calvit v. Minneapolis Pub. Schs., 122 F.3d 1112, 1116 (8th Cir. 1997). The nonmoving party may not rest on mere allegations or denials, but must show through the presentation of admissible evidence that specific facts exist creating a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

## ANALYSIS

**I.     Each transfer satisfies the elements of Section 547(b)**

---

Second, in both the Kroeplin action and the Philipp action, the Trustee has asserted that the payments at issue are not only recoverable as "preferences" under the Bankruptcy Code but also as "fraudulent transfers." In his Motion, the Trustee does not seek summary judgment on his fraudulent-transfer claims, but the Defendants do so in their Cross-Motions. And, the Trustee has (once again) failed to respond to the Defendants' arguments concerning the fraudulent-transfer claims in his Oppositions to the Cross-Motions. Accordingly, the Court will also deem abandoned the fraudulent-transfer claims.

As a result of the foregoing, all that remains for the Court to analyze is whether the replacement checks issued to the Defendants are avoidable under the Bankruptcy Code as preferential transfers.

A bankruptcy trustee may "avoid" a transfer made to or on behalf of a creditor, on or within 90 days of the filing of a bankruptcy petition, if (1) the debtor was insolvent on the date of the transfer, (2) the transfer was for an antecedent debt, and (3) the transfer allowed the creditor to receive more than it would have received in a Chapter 7 liquidation. 11 U.S.C. § 547(b); Peltz v. Edward C. Vancil, Inc. (In re Bridge Info. Sys., Inc.), 474 F.3d 1063, 1066 (8th Cir. 2007). An "avoided" transfer may be recovered by the trustee. See 11 U.S.C. § 550(a).

Here, the Trustee has established all of the prerequisites to avoidability with respect to the transfers at issue. First, both of the transfers clearly occurred within 90 days of February 3, 2004, when the involuntary bankruptcy petition was filed against Miller, and both were on account of antecedent debts owed to creditors, namely, the Defendants.[3] Second, a debtor is presumed to have been insolvent during the 90-day period immediately prior to the filing of a bankruptcy petition, see 11 U.S.C. § 547(f), and Defendants have proffered no evidence to rebut that presumption here. Third, it is "generally well settled that unless creditors would receive a 100% payout, any unsecured creditor who receives a payment during the preference period is in a position to receive more than it would have received under a Chapter 7 liquidation." Hoffinger Indus., Inc. v. Bunch (In re Hoffinger Indus., Inc.), 313 B.R. 812, 827 (Bankr. E.D. Ark. 2004) (internal quotation marks and

---

[3] An "antecedent debt" is a debt "incurred before the allegedly preferential transfer." In re Bridge Info. Sys., 474 F.3d at 1066-67. A debt is "incurred" on "the date upon which the debtor first becomes legally bound to pay." Id. at 1067. Here, Miller became bound to pay on the dates that the grain was delivered by the Defendants, which occurred before the replacement checks were issued.

citations omitted); accord Still v. Rossville Bank (In re Chattanooga Wholesale Antiques, Inc.), 930 F.2d 458, 465 (6th Cir. 1991); Zachman Homes, Inc. v. Oredson (In re Zachman Homes, Inc.), 40 B.R. 171, 173 (Bankr. D. Minn. 1984).  Here, the Trustee notes that when Miller converted the involuntary Chapter 7 bankruptcy petition into a Chapter 11 case, he submitted documents stating that he had over $5 million in liabilities and less than $3 million in assets, thereby clearly indicating that Miller's creditors would not receive a 100% payout.  (See, e.g., Trustee's Philipp Mem. at 4.)  Thus, the Trustee has established that the transfers allowed the Defendants to receive more than they would have received in a Chapter 7 liquidation, and the Defendants do not argue otherwise.

Accordingly, the Trustee has established each of the elements to avoidability set forth in 11 U.S.C. § 547(b) with respect to the transfers at issue.

**II.     The "contemporaneous-exchange-for-new-value exception" applies**

Although they largely concede that the transfers at issue satisfy the requirements for avoidability under Section 547(b), the Defendants argue, *inter alia*, that the "contemporaneous-exchange-for-new-value exception" applies and that this exception precludes the Trustee from avoiding the transfers.  The contemporaneous-exchange-for-new-value exception is codified in 11 U.S.C. § 547(c), which states in pertinent part:

> (c)     The Trustee may not avoid under this section a transfer –
>
> > (1)     to the extent that such transfer was –
> >
> > > (A)     intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and

       (B) in fact a substantially contemporaneous exchange.

The Defendants argue that this exception applies here because the commodities they sold to Miller were subject to security interests held by their banks.  For this reason, the checks Miller issued to pay for the commodities were made payable <u>both</u> to the Defendants and to the banks, in order to extinguish the banks' security interests.  According to the Defendants, this renders each of the checks a contemporaneous exchange for new value, with the "new value" being the release of the banks' security interests in the commodities.  (<u>See</u> Kroeplin Mem. at 15-30; Philipp Mem. at 18-32.)

 The Court has been down this road before.  In four other adversary proceedings commenced by the Trustee against creditors of Miller to recover allegedly preferential transfers, the creditors made the exact same arguments that Kroeplin and Philipp make here.  <u>See</u> <u>Velde v. Kirsch (In re Miller)</u>, 366 B.R. 902 (D. Minn. 2007) (on appeal to this Court from the Bankruptcy Court); <u>Velde v. Reinhardt (In re Miller)</u>, 366 B.R. 894 (D. Minn 2007) (three adversary proceedings pending before this Court).  The facts of each of those cases are on all fours with this case:  Miller received grain or other commodities from the creditor; Miller issued a check to the creditor and to the creditor's bank in order to pay for the commodities, but the check bounced; and Miller then replaced the bounced check with a bank check, the funds for which came from his bank account.  In each of those cases, this Court concluded that the contemporaneous-exchange-for-new-value exception applied and, accordingly, that the payments were not avoidable as preferential transfers

under the Bankruptcy Code. See Kirsch, 366 B.R. at 904-07; Reinhardt, 366 B.R. at 898-901.

Insofar as the facts in the cases at bar are nearly indistinguishable from the facts in Kirsch and Reinhardt, the Court's analysis in those prior cases applies with equal force here. Accordingly, the Court incorporates herein by reference its discussion of the contemporaneous-exchange-for-new-value exception in Kirsch and Reinhardt. The Trustee has offered no new arguments here – that is, arguments not raised in these prior cases – as to why the contemporaneous-exchange-for-new-value exception should not apply, and the Court perceives no reason to revisit its holdings in those cases at this juncture.[4] For the same reasons stated in Kirsch and Reinhardt, the Court concludes that Section 547(c)(1)'s contemporaneous-exchange-for-new-value exception must apply here. Accordingly, the Trustee cannot avoid the transfers to Kroeplin and Philipp under Section 547 of the Bankruptcy Code, and the Defendants are therefore entitled to summary judgment.[5]

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED**:

1.      In Case No. 06-3880, Velde v. Kroeplin, Plaintiff's Motion for Partial Summary Judgment (Doc. No. 12) is **DENIED**, Defendant's Cross-Motion for Summary

---

[4] Kirsch and Reinhardt have been appealed to the Eighth Circuit; those appeals remain pending. Absent reversal by the Court of Appeals, however, the rulings in those cases remain in full force and effect.

[5] As a result, it is unnecessary to consider the applicability of the other defenses raised by the Defendants.

Judgment (Doc. No. 18) is **GRANTED**, and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**; and

2. In Case No. 06-3881, <u>Velde v. Philipp</u>, Plaintiff's Motion for Summary Judgment (Doc. No. 11) is **DENIED**, Defendant's Cross-Motion for Summary Judgment (Doc. No. 16) is **GRANTED**, and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November  13 , 2007                              s/Richard H. Kyle
                                                        RICHARD H. KYLE
                                                        United States District Judge